## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

School Board of Spotsylvania County

    v.

Carroll W. Hairfield et al.

August 27, 1980

**By JUDGE JOHN A. JAMISON**

I have had for decision, since argument by counsel, the question of whether or not the demurrer filed by certain of the Defendants herein, should be sustained or overruled.

The first ground of the demurrer was based upon the Defendant's contention that the covenants running with the land, which are now sought by the School Board to be condemned by this eminent domain proceeding, is that such condemnation is not sought for "school purposes," as required by statute.

It is clear from representations by both counsel at argument, which at this point the court accept as true, that a community building has been built on the lot in question by the County upon the easement conveyed to it by the School Board, a distance of less than 100 feet from the highway. This is contrary to one of the covenants running with the land which requires a set-back of at least 100 feet.

I could readily agree that if this were a conventional condemnation proceeding by the School Board in which the fee simple title to land was being sought for the purpose of building a community building, there could be no question such structure would not be intended for, nor is its present usage one for, "school purposes." However, this action is not brought to condemn the fee simple title, but only for removing the offending covenant. The reason for removing such covenant, which is now said to be violated, is to clear the title to the property

in the School Board, easement upon which has been conveyed to the County, so that the loan proceeds from the State Literary Fund can be secured by a valid fee simple title. It was represented to the Court at argument and not controverted by the Defendants that the loan proceeds from the Literary Fund were in fact used for "school purposes," namely, to construct school facilities upon real estate either adjoining or close by the property in question. There can be no clearer reason that this suit would lie, therefore, for "school purposes."

A State or County agency, or appropriate subdivision thereof, has the right to bring an action in eminent domain to condemn a covenant. See *Minner, et al. v. City of Lynchburg, etc., et al.,* 204 Va. 180, 129 S.E.2d 673 (1963), which is specific authority for the condemnation by municipalities (applicable by statute also to counties and other proper agencies) of covenants running with land.

The second ground for the demurrer is that the interest sought to be acquired interferes with a use for the purpose of which the School Board has already divested itself and that the School Board cannot be a proper party plaintiff.

This theory overlooks the right, indeed the legal obligation, of the grantor to convey fee simple unencumbered title to the trustees who hold title for the Literary Fund which made its loan to the School Board for school purposes. It is true that a non-school property usage has now been found for the land in question, namely, the construction of a community building; but the real purpose of the eminent domain case at bar is to clear the title to the trustees so that the land with which the covenants run, and which is the security for the Literary Fund loan, may be free and clear from such encumbrance. Granted, such an action as this could not be brought by a private individual to remove the encumbrancing effect of the covenants, but it is different when the removal is required by a public agency. It is axiomatic that the law favors the clearing of real estate titles and the vesting thereof in fee simple. This is particularly true when the public interest is involved and where the greater good for the greater number of citizens gives rise to the principle of eminent domain. Since the proceeds of the Literary Fund loan was used for school construction and the lot in question is included as security therefor, it appears to be a proper subject for this action.

With respect to the third ground of the demurrer, i.e. that the Plaintiff is not entitled to injunctive relief in this action in eminent domain, I agree that the pertinent statutes do not seem to contemplate an injunction in such proceedings. It would seem, however, that the point is largely academic. The Court always has discretionary authority to arrange its calendar in such a way that justice is administered as efficiently as possible. It goes without saying that the other action, brought by the Hairfields against the County can hardly be resolved until the instant suit is either concluded or resolved in some way. There is an essential conflict between these cases, to resolve which the Court must use its inherent powers. I do not have the Court file before me but my recollection is that the injunction issued was a temporary one, and if this ground of the demurrer is sustained, then a separate suit for an injunction restraining the prosecution of the other suit would most probably lie. The Court will, therefore, for practical reasons, reserve judgment on the third ground of demurrer without deciding the same at this writing, but the demurrer, on the other two grounds, will be overruled.